# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.  3:17-CV-101-RJC-DCK

| | | |
|---|---|---|
| ERIC MCGHIE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| SHERIFF DEPUTY G. HEADEN; | ) | |
| MECKLENBURG COUNTY;  SHERIFF | ) | |
| JOHN DOE;  JOHN DOE THE | ) | |
| LOCKSMITH;  and JOHN DOE THE | ) | |
| PHOTOGRAPHER, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants Deputy Headen, Mecklenburg County and Sheriff John Doe's Motion To Dismiss" (Document No. 7).  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition.  Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I.  BACKGROUND

*Pro se* Plaintiff Eric McGhie ("Plaintiff" or "McGhie") initiated this action with the filing of a "Complaint For Damages Civil Rights Violations" (Document No. 1) (the "Complaint") on March 1, 2017.  The Complaint names Sheriff Deputy G. Headen ("Headen"), Mecklenburg County, and John Does, including a sheriff, locksmith and photographer, as Defendants in this matter.  (Document No. 1).  The crux of Plaintiff's Complaint is that his civil rights ("involving force[d] entry, disturbing the peace, grand theft, criminal trespass, wrongful removal and wrongful detention") were violated when one or Defendants appeared at his home at 8122 Filly Rd., Mint

Hill, N.C., at 9:30 a.m. on November 15, 2016, and ordered him to leave the property. (Document No. 1, p.2).

Notably, the Complaint provides that Plaintiff called the police, and that when Plaintiff asked Officer Hunt of the Mint Hill police what he was going to do about Defendants' alleged trespass, "Officer Hunt stated that the Sheriff was doing his job." (Document No. 1, p.3).

Plaintiff seems to allege that Defendants are liable for Plaintiff's loss of his home and property, as well as civil rights violations. (Document No. 1). Plaintiff seeks compensatory damages of $850,000.00, in addition to punitive damages of $850,000.00. (Document No. 1, p.9).

"Defendants Deputy Headen, Mecklenburg County and Sheriff John Doe's Motion To Dismiss" (Document No. 7) was filed on April 13, 2017. By this pending motion, Defendants seek dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). (Document No. 7). Defendants contend that the actions complained of were actions to enforce a Writ of Possession in a State Court foreclosure action that was pending in the Superior Court of Mecklenburg County. Id. See also (Document No. 8-3) ("you are commanded to remove the occupants and their personal property from those premises located at: 8122 Filly Road, Mint Hill, NC 28227"). Defendants contend, *inter alia*, that this Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman Doctrine, and that Plaintiff's claims are barred by the defense of qualified immunity. Id.

On April 17, 2017, the Court issued a Roseboro Notice advising Plaintiff that he had the right to respond to the pending motion to dismiss, and that failure to file a timely and persuasive response would likely lead to the dismissal of this lawsuit. (Document No. 9).

Plaintiff's "Motion To Strike Defendant's Motion To Dismiss Case" (Document No. 10) was filed on April 19, 2017, and was construed by the Court as a response to Defendants' motion

2

to dismiss (Document No. 7). Plaintiff's response is very concise, and fails to address Defendant's arguments or authority.

Defendants' reply brief was filed on April 24, 2017, and states in part that the response "does not contain any law or facts setting forth grounds or reasons to deny dismissal of Plaintiff's claims. The response is simply un-intelligible and fails to refute the basis of Defendants' Motion to Dismiss." (Document No. 11, p.1).

Without leave of Court, Plaintiff filed a "Motion To Strike Defendant's Motion To Dismiss And Defendant's Memorandum In Support Of Motion To Dismiss" (Document No. 13) on April 27, 2017. This filing by Plaintiff seems to suggest that Defendant Headen never had jurisdiction to execute a Writ of Possession, and seeks to strike the terms "Writ of Possession" and "Foreclosure" from Defendants' arguments for dismissal. (Document No. 13).

The pending motion to dismiss is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARDS OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is

3

entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint

4

in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

After careful review of the parties' filings and the record of this case, the undersigned finds Defendants' arguments to be compelling. In short, Defendants persuasively assert that the underlying event that forms the basis for all of Plaintiff's claims was a state court foreclosure action pursuant to a valid "Writ Of Possession" (Document No. 8-3) issued by the Clerk of Superior Court of Mecklenburg County, in Special Proceeding File 15-SP-1535. See (Document No. 8, p.2). Moreover, Defendants effectively note that not only did Plaintiff fully participate in this Foreclosure Action, but he has also previously challenged this same Foreclosure Action by filing a complaint in this Court. Id. (citing Eric McGhie v. Trustee Services of the Carolinas, et al, 3:16-CV-044-MOC-DSC (W.D.N.C. Jan. 27, 2016)). That action was dismissed by the Honorable Max O. Cogburn, Jr. on September 13, 2016. Id.

The Court again notes that it is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As previously determined in by this Court in the aforementioned action decided by Judge Cogburn, Plaintiffs' current Complaint should also be barred by the Rooker-Feldman doctrine which prohibits actions attacking state court judgments in federal court. This doctrine provides

5

that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). Whether evaluated as an attack on the Foreclosure Order or the underlying foreclosure proceeding, the Rooker-Feldman doctrine bars Plaintiff's action here. See Done v. Wells Fargo Bank, N.A., 2009 WL 2959619, at *3-5 (E.D.N.Y. Sept. 14, 2009) (stating that the plaintiff's federal lawsuit, in which the plaintiff was complaining of the injury from losing his home after a state foreclosure proceeding, was "squarely foreclosed by the Rooker–Feldman doctrine," and was alternatively barred by claim preclusion and collateral estoppel).

Based on the foregoing, as well as Defendants' additional arguments, the undersigned finds good cause to respectfully recommend that this action be dismissed in its entirety.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants Deputy Headen, Mecklenburg County and Sheriff John Doe's Motion To Dismiss" (Document No. 7) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and

Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

 **IT IS SO RECOMMENDED**.

Signed: July 10, 2017

David C. Keesler
United States Magistrate Judge