# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:17-cv-00101-RJC-DCK

| | |
|---|---|
| ERIC MCGHIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| SHERIFF DEPUTY G. HEADEN, | ) |
| MECKLENBURG COUNTY, SHERIFF JOHN | ) |
| DOE, JOHN DOE THE LOCKSMITH, and | ) |
| JOHN DOE THE PHOTOGRAPHER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** comes before the Court on Deputy Headen's, Mecklenburg County's and Sheriff John Doe's ("Defendants'") Motion To Dismiss, (Doc. No. 7); Eric McGhie's ("Plaintiff's") Response in Opposition, (Doc. No. 10); Defendants' Reply, (Doc. No. 11); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 21), recommending the Court grant Defendants' Motion; and Plaintiff's Objection, (Doc. No. 24); and Defendants' Response, (Doc. No. 28).

## I. BACKGROUND

The facts behind this case are simple. Plaintiff filed his *pro se* complaint on March 1, 2017 alleging that Defendants violated his civil rights when they appeared at his home and ordered him to vacate the premises. (Doc. No. 1 at 2–3). In particular, Plaintiff alleges "force[d] entry, disturbing the peace, grand theft, criminal trespass, wrongful removal and wrongful detention." (Id. at 2).

Plaintiff resided at 8122 Filly Rd, Mint Hill, North Carolina at the time of his alleged displacement on November 15, 2016. (Id. at 3). Around 9:30 A.M., Plaintiff heard someone banging on the front door. (Id. at 2). When Plaintiff went to investigate, he discovered a man with a gun who identified himself as the sheriff. (Id. at 3). Plaintiff states that he immediately called the police. (Id.). When asked if he had a warrant to enter Plaintiff's residence, the sheriff replied, "No. I do not need one." (Id.).

Plaintiff was then asked to step outside his home and to remain outside because the property was being seized. (Id.). Soon after, the sheriff sent others, including a photographer and locksmith, into the residence. (Id.). Plaintiff then turned to another officer at scene, Officer Hunt, and asked, "What are you doing about the criminal trespass that is taking place?" (Id.). Officer Hunt replied that the sheriff was "doing his job." (Id.).

On the face of Plaintiff's Complaint, one would immediately become concerned about the displacement of an individual from his home by way of unlawful police action. A simple glimpse of Plaintiff's action in context, however, dispels any such concerns. Defendant's Motion to Dismiss provides this needed context, stating that the above actions were in the enforcement of a Writ of Possession derived from a State Court foreclosure action in Superior Court of Mecklenburg County. (Doc. No. 7). Defendants attached to their memorandum the State Court foreclosure documents. (Doc. Nos. 8-1, 8-2, 8-3).

After prompting by the Magistrate Judge of his right to respond to Defendants' motion, Plaintiff entered a "Motion to Strike Defendant's Motion to Dismiss Case," (Doc. No. 10), which the Court construed as a response. In Defendant's two-page response, he states that "[t]here is no place in Plaintiff's case to absorb the Frivolous, vexatious, scandalous allegations that has set fo[]rth herein by Defendants." (Doc. No. 10 at 2).

On July 11, 2017, the Magistrate Judge filed an M&R recommending the Court grant Defendant's Motion to Dismiss. (Doc. No. 21). In his recommendation, the Magistrate Judge points out that not only was Defendants' seizure of Plaintiff's residence pursuant to a foreclosure action, but that Plaintiff *participated* in that action. (Id. at 5). In fact, Plaintiff challenged the underlying foreclosure in federal court before the Honorable Max O. Cogburn, Jr. on September 13, 2016. (Id.) (citing Eric McGhie v. Trustee Services of the Carolinas, et al, 3:16-CV-044-MOC-DSC (W.D.N.C. Jan. 27, 2016)). That action was dismissed on September 13, 2016 pursuant to the *Rooker-Feldman* doctrine, which bars federal actions that seek to attack state court judgments. (Id.). As the Magistrate Judge correctly pointed out, this doctrine states that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." (Id. at 6) (quoting Johnson v. DeGrandy, 512 U.S. 997, 1005–06 (1994)).

It was on the basis of the *Rooker-Feldman* doctrine that the Magistrate Judge recommended this Court grant the dismissal of Plaintiff's action. The Magistrate Judge stated, "Whether evaluated as an attack on the Foreclosure Order or the underlying foreclosure proceeding, the Rooker-Feldman doctrine bars Plaintiff's action here." (Id.). The Magistrate Judge cited Done v. Wells Fargo Bank, N.A., 2009 WL 2959619, at *3-5 (E.D.N.Y. Sept. 14, 2009), which found that a federal lawsuit in which the plaintiff was alleging injury from losing his home after a state foreclosure proceeding was "squarely foreclosed by the Rooker–Feldman doctrine," and was alternatively barred by claim preclusion and collateral estoppel. (Id.).

II.     **STANDARD OF REVIEW**

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A)

and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

On a motion to dismiss for failure to state a claim, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the nonmoving party. Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

### III. DISCUSSION

In his objection, Plaintiff states that he "continuously objects to any mention of any irrelevant, frivolous, allegations that are scandalous in nature. (Writ of Possession, Foreclosure, etc) as the Plaintiff's complaint alleges a seizure without a 4th amendment warrant." (Doc. No. 24 at 2). He also argues that he sufficiently pleads facts that support the existence of 4th Amendment violations and a Section 1983 action. (Id.). Furthermore, Plaintiff emphasizes the relevant standard of review for a motion to dismiss: the Court must construe the complaint in the light most favorable to Plaintiff. (Id. at 3). Defendant's Motion, Plaintiff argues, contains "fatally flawed conclusions not in the record of the Plaintiff's complaint…." (Id.).

On review of the record, the Court adopts the Magistrate Judge's M&R. The Court agrees with the Judge's application of the *Rooker-Feldman* doctrine in this instance. While Plaintiff does not explicitly ask the Court to reverse the foreclosure proceedings, he is asking for compensation deriving from those actions. Plaintiff therefore asks this Court for relief that is, in substance, appellate review of the State Court action. The Court notes that Plaintiff does not object to the Magistrate Judge's use of the *Rooker-Feldman* doctrine. He simply objects to the entry of the underlying foreclosure proceedings in this case to begin with. It is, however, within Defendant's right to introduce evidence of the foreclosure proceedings at this stage of the litigation. The Court can consider documents of public record attached to a motion to dismiss so long as they are integral to the complaint. Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Here, Plaintiff's Complaint alleges an improper seizure by the sheriff. (Doc. No. 1). Plaintiff also recounts that the sheriff stated he did not need a warrant and that Officer Hunt stated that the sheriff was just doing his job. (Id.). The documents put forth by Defendant match Plaintiff's listed address (8122 Filly Road) and the date of the alleged seizure (November, 3, 2016) within the Complaint. Compare (Doc. No. 1 at 2), with (Doc. No. 8-1 at 4). As such, the Magistrate Judge properly relied on the existence of Plaintiff's foreclosure action to justify the dismissal of this case.

IV.   **CONCLUSION**

   **IT IS, THEREFORE, ORDERED** that:

   1.   The Magistrate Judge's M&R, (Doc. No. 21), is **ADOPTED**;

   2.   Defendant's Motion to Dismiss, (Doc. No. 7), is **GRANTED**; and

   3.   The Clerk of Court is directed to close this case.

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge